# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **VICTOR MANUEL ROMERO OLIVAS,** <br><br> ***Petitioner*,** <br><br> **v.** <br><br> **FACILITY ADMINISTRATOR, WARDEN OF PETITIONER'S CURRENT DETENTION FACILITY, NAME PRESENTLY UNKNOWN; AND DHS/ICE OFFICIALS,** <br><br> ***Respondents*.** | § § § § § § § § § § § § § § | **No. 3:26-CV-02249-LS** |

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

Petitioner Victor Manuel Romero Olivas filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Petitioner also filed a motion for a temporary restraining order ("TRO").[2] Petitioner's motion requests the Court to enjoin Respondents from (1) removing him from the country "for the minimum period necessary [for the Court] to determine its jurisdiction and adjudicate the emergency custody/access issues," and (2) "transfer[ring] [him] outside the Western District of Texas without advance notice to [him] and the Court sufficient to preserve this proceeding."[3] The Court has discretion to grant or deny a TRO based on four elements:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.[4]

---

[1] ECF No. 1
[2] ECF No. 2 at 1.
[3] *Id.*
[4] *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

The Court lacks jurisdiction to issue a stay of, or "restrain," Petitioner's removal.[5] Federal courts lack jurisdiction over "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under [Chapter 12]."[6] That jurisdictional bar "clearly . . . include[s] . . . those claims connected directly and immediately with a decision or action by the Attorney General to . . . execute removal orders."[7] Because Petitioner's request for the Court to "restrain [his] removal"[8] is "directly and immediately"[9] connected to his removal order, the Court does not have jurisdiction to stay his removal.

The Court's jurisdiction over Petitioner's habeas petition would not be affected if Petitioner were transferred to another detention facility. As an initial matter, the Court has jurisdiction over Petitioner's habeas petition. For the Court to have jurisdiction, "the petition [must] be filed in the district of confinement and . . . name the petitioner's immediate custodian."[10] When Petitioner filed his petition, he was allegedly detained "at a detention location in or near Vinton, Texas," which is located in the Western District of Texas.[11] As for the immediate-custodian rule, it is "impossible to apply" when a habeas petitioner "is [being] held in an undisclosed location by an unknown custodian."[12] Here, Petitioner's "exact facility and immediate custodian have not yet been reliably confirmed to [him] or [his] supporters,"[13] so Petitioner's naming of "Facility

---

[5] ECF No. 2 at 1.
[6] 8 U.S.C. § 1252(g).
[7] *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 943 (5th Cir. 1999) (internal quotations omitted).
[8] ECF No. 2 at 1.
[9] *Humphries*, 164 F.3d at 943.
[10] *Ozturk v. Hyde*, 136 F.4th 382, 390 (2d Cir. 2025) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 438 (2004)); *see also* 28 U.S.C. § 2242 (stating that a habeas petition must "allege . . . the name of the person who has custody over him . . . *if known*") (emphasis added).
[11] ECF No. 2 at 1.
[12] *Padilla*, 542 U.S. at 450 n.18.
[13] ECF No. 2 at 1.

Administrator / Warden of Petitioner's Current Detention Facility" as a Respondent satisfies the jurisdictional requirements.[14] And since the Court's jurisdiction "attache[s] upon the initial filing for habeas corpus relief,"[15] if "the Government move[d] [Petitioner] . . . after []he properly file[d] a petition . . . the District Court [would] retain[] jurisdiction and may direct the writ to any respondent within its jurisdiction who has the legal authority to effectuate the prisoner's release."[16]

Accordingly, the Court **DENIES** Petitioner's motion for a TRO [ECF No. 2] to enjoin his removal or transfer.

**SO ORDERED**.

**SIGNED** and **ENTERED** on September 2, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[14] *See Ozturk*, 136 F.4th at 392 (citing *Demjanjuk v. Meese*, 784 F.2d 1114, 1116 (D.C. Cir. 1986)).
[15] *McClure v. Hopper*, 577 F.2d 938, 939 (5th Cir. 1978).
[16] *Padilla*, 542 U.S. at 442 (citing *Ex parte Endo*, 323 U.S. 426 (1944)).